UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br>TAYLOR INVESTMENT<br>　PARTNERS II, LLC, et al.<br><br>　　　　　　Debtors. | CHAPTER 11<br>Jointly Administered<br>CASE NO.: 15-51333-MHM |

MOTION BY MOE'S FRANCHISOR LLC
FOR APPOINTMENT OF A TRUSTEE PURSUANT TO
SECTION 1104(a) OF THE BANKRUPTCY CODE

Moe's Franchisor LLC ("Moe's"), as a party in interest, pursuant to Section 1104(a) of the Bankruptcy Code, as franchisor of the two Moe's Southwest Grill restaurants operated by Debtor Taylor Investment Partners II, LLC ("TIP") and two Debtor affiliates, TIP II-Ansley, LLC ("TIP-Ansley") and TIP Suburban, LLC ("TIP Suburban") (collectively, "Debtors"), moves for the appointment of a trustee so that a trustee, in control of the Debtors' restaurants, may promptly pursue a sale of the Debtors' operating assets acceptable to Moe's for the benefit of all creditors.

Moe's sought automatic stay relief (Dkt. No. 46 as set forth in detail therein) to terminate Debtors' franchise agreements with Moe's on various grounds including, *inter alia*, that the Debtors could not assume or assign the franchise agreements under the Bankruptcy Code.  Such relief was granted Moe's by order entered on June 30, 2015 (Dkt. No. 100); Moe's acknowledges that Debtors have filed an appeal notice.

EAST\102373647.1

Even while seeking stay relief, Moe's encouraged Debtors to seek to sell the restaurants to a purchaser acceptable to Moe's. As Moe's asserted in seeking stay relief, the relationship between the Debtors and Moe's had become, and remains, irreconcilable and Debtors are not franchisees acceptable to Moe's. There is no available evidence that the Debtors sought a sale while the stay relief motion was pending.

Now, in the aftermath of stay relief, Moe's is aware that a purchaser, acceptable to Moe's, has offered to purchase the operating assets from the Debtors at a price that will permit all creditors to be paid in full and leaving to the Debtors hundreds of thousands of dollars. Alternatively, should no sale occur, and the franchises are terminated, there is no apparent source of payment for any of the creditors and no means for a return on equity to the Debtors.

Moe's is not endeavoring to steer a sale to any particular purchaser. Moe's continues to refrain from termination of the franchises and to facilitate a monetization of the Debtors' operating assets in order for a sale to occur promptly and to a purchaser acceptable to Moe's as a franchisee that would transfer operations relatively seamlessly. Of course any sale, presumably subject to Section 363 of the Bankruptcy Code, would be transparent, public and subject to "higher and better" offers.

Thus far in approximately one month since the stay relief order, the Debtors have not made any meaningful progress towards proposing a sale indicating either an unwillingness and inability to pursue a sale or an unreasonable procrastination by the Debtors in pursuing a sale.

While Debtors might, under some circumstances, be allowed to play "Russian roulette" with their future, their creditors and landlords (and Moe's) should not be required to endure the

EAST\102373647.1

collateral damage and risk of the absence of recovery due to the intransigence of the Debtors. For these reasons, the appointment of a Trustee is warranted.

In further support of the requested relief, Moe's states as follows:

### Jurisdiction

1.  On January 22, 2015 (the "Petition Date"), each Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Each Debtor has retained its property and is operating as a debtor-in-possession under Sections 1107 and 1108 of the Bankruptcy Code.

2.  This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

3.  The statutory predicates for this motion are Section 1104 of the Bankruptcy Code and Bankruptcy Rule 2007.1 and 9014 of the Federal Rules of Bankruptcy Procedure.

4.  This Court (Dkt. No. 49) has permitted the joint administration of TIP's case and that of TIP-Ansley (Dkt. No. 15-51355) and TIP-Suburban (Dkt. No. 15-51339).

### Background

5.  The Moe's Southwest Grill restaurant concept focuses primarily on the service of made-to-order "Southwest fare".

6.  TIP, a Georgia limited liability company, on May 15, 2003 entered into the Assignment, Assumption and Consent Agreement (the "Ansley Assignment") by which TIP, with the required consent of Moe's, acquired the rights from a previous franchisee to operate a Moe's Restaurant in Atlanta, Georgia at the Ansley Mall, located at 1544 Piedmont Avenue,

Atlanta, Georgia 30306 (the "Ansley Location") subject to the Moe's Southwest Grill, L.L.C. Franchise Agreement dated September 6, 2002 entered into between Moe's predecessor and the predecessor franchisee (the "Ansley Franchise Agreement"). Although TIP is the franchisee of record for the Ansley Location, the Ansley Location is operated by TIP-Ansley.

7.   Pursuant to the Moe's Southwest Grill, L.L.C. Franchise Agreement dated March 5, 2004 (the "Decatur Franchise Agreement") entered into between Moe's predecessor and TIP, TIP was authorized, pursuant to the terms and conditions set forth therein, to operate a Moe's Restaurant at Suburban Plaza, located at 1524-A Church Street, Decatur, Georgia 30033 (the "Decatur Location"). Although TIP is the franchisee of record for the Decatur Location, it appears that the Decatur Franchise Agreement was executed by Mr. Titshaw on behalf of TIP-Ansley, and the Decatur Location is operated by TIP-Suburban.

8.   Debtors, operating through their principal, Mr. Titshaw, had a history of difficult relations with Moe's predecessor, and that state of relations has not changed.

9.   As detailed in the lift stay proceeding, Moe's has had difficult and acrimonious relationships with the Debtors, and their principal. In an arbitration proceeding, as described in more detail in the lift stay motion, an arbitrator noted that evidence clearly established that the relationship between Moe's and the Debtors was very poor, having "toxic proportions" and not likely to improve. The arbitrator also concluded "both parties would be better served if this Franchisor/Franchisee relationship ended."

10.  As described in the stay relief motion, the arbitrator strongly recommended to Debtors that the parties should endeavor to arrange a sale on commercially reasonable terms. Moe's files this motion as one last chance for that result to be accomplished.

- 4 -

## Legal Basis for Relief

11. Section 1104 of the Bankruptcy Code governs the appointment of a Chapter 11 trustee. Section 1104(a) of the Bankruptcy Code is phrased in the disjunctive, providing two separate bases on which a court can appoint a Chapter 11 trustee. Section 1104(a) of the Bankruptcy Code provides:

(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest … and after notice and a hearing, the court shall order the appointment of a trustee –

(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of the assets or liabilities of the debtor; or

(2) if such appointment is in the interest of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

12. The determination of whether to appoint a trustee is made on a case-by-case basis. See, *In re Sharon Steel Corp.*, 871 F.2d 1217, 1226 (3rd Cir. 1989). Furthermore, the Court's power to appoint a trustee is broad and the standard for the appointment of a trustee is a flexible one. See, *In re Marvel Entertainment Group, Inc.*, 140 F.3d 463, 472 (3d Cir. 1998) ("the concepts of incompetence, dishonesty, gross mismanagement and even fraud all cover wide range of conduct") (quoting *In re A.H. Robins Co.*, 828 F.2d 239, 252 (4th Cir. 1987)).

EAST\102373647.1

13. Moreover, the list of causes set forth in Section 1104(a) of the Bankruptcy Code is not exhaustive. *In re Marvel Entertainment Group, Inc.*, 140 F.3d at 472; *In re Sharon Steel Corp.*, 86 B.R. 455, 458 (Banks. W.D. Pa. 1988), *aff'd*. 871 F.2d 1217 (3rd Cir. 1989).

14. The position of a debtor-in-possession is one of a fiduciary and the debtor-in-possession owes the same duties as a trustee. *In re JTR Corp.*, 958 F.2d 602, 604 (4th Cir. 1992). Cause exists to appoint a trustee where the Debtors have abdicated their duty of management to the detriment of the creditors of the bankruptcy estates. *In re IP of A West Oaks Mall, L.P.*, 2007 WL 3223295, at *4 (Bankr. E.D. Va. Oct. 29, 2007).

15. Management of company debtors by officers and or equity owners is not always best suited for the maximization of asset value. Where the best interest of creditors dictates a different management, the Court should appoint a trustee to act in the interest of creditors and other interests of the estate. *Dardarian v. La Sherene, Inc. (In re La Sherene, Inc.)*, 3 B.R. 169 (N.D.Ga. 1980).

16. Whether a trustee should be appointed must also be analyzed on a case-by-case basis. The Court should try to determine, whether, in the specific case at issue, the benefits to the bankruptcy estate and creditors will outweigh any costs or inefficiencies. *Creative Landscape Management, Inc. v. PHDC, LLC (In re PHDC, LLC)*, 2004 WL 5846712 (Bankr. N.D.Ga. April 28, 2004).

17. The Court must determine whether the totality of the circumstances warrants appointment of a trustee. When determining the appropriateness of a trustee under Section 1104(a)(2), that is, whether the appointment of a trustee is in the best interest of creditors and other interests of the estate, the "Court's exercise of its discretion is much broader and takes into

consideration a variety of different factors" *In re Sundale, Ltd.*, 400 B.R. 890, 901 (Bankr. S.D. Fla. 2009).

18.     As *Sundale* states, 400 B.R. at 901, "unlike § 1104(a)(1), § 1104(a)(2) does not require a finding of fault; the court may appoint a trustee even if no fault exists. Instead, § 1104(a)(2) reflects the practical reality that a trustee is needed" (citations omitted). Among the factors to be considered are the benefits to be derived by the appointment of a trustee, *Sundale* citing *In re Ionosphere Clubs, Inc.*, 113 B.R. 164, 168 (Bankr. S.D.N.Y. 1990). As *Sundale* also notes, in certain cases, loss of confidence in a debtor's management or extreme acrimony internally or with creditors are elements relevant to the decision of whether it is in the best interest of creditors and others to appoint a trustee under Section 1104(a)(2) and, in certain cases, such factors may be significant enough in and of themselves to constitute "cause," citing *In re Marvel Entm't. Group*, 140 F.3d 463 (3d Cir. 1998).

19.     Sufficient cause may also be warranted where a debtor's failure to move a case forward in the direction of successful reorganization threatens creditor recovery. *Id.* at 909.

## CONCLUSION

Moe's submits, in this case, in its present posture, "cause" exists to appoint a trustee for the benefit of all creditors (trade, lender, landlords and franchisor), and even for the Debtors' equity holder. Without regard to "cause", the best interests of creditors and the bankruptcy estates warrant a trustee appointment. The remaining opportunity must be seized for the Debtors' operating assets to be monetized and their value preserved. That is the fundamental objective of Chapter 11 of the Bankruptcy Code, the process which the Debtors voluntarily

EAST\102373647.1

sought. Having voluntarily sought Chapter 11, the Debtors should adhere to their responsibilities to act in the interest of creditors.

WHEREFORE, Moe's respectfully requests this Court to enter an order appointing a trustee pursuant to Section 1104 of the Bankruptcy Code and granting such other relief as justice requires.

**DLA PIPER LLP (US)**

*/s/ Mark J. Friedman*
Mark J. Friedman, Admitted *Pro Hac Vice*
(Maryland Bar No. 00102)

DLA PIPER LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, MD  21209-3600
Telephone:  (410) 580-4153
Facsimile:  (410) 580-3001
E-Mail:  mark.friedman@dlapiper.com

Benjamin Prevost, GA Bar # 141594
DLA Piper LLP (US)
Suite 2800
Atlanta, GA 30309-3450
Telephone:  404-736-7800
Facsimile:  404-682-7800
E-Mail:  ben.prevost@dlapiper.com

*Counsel for Moe's Franchisor LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of July, 2015, a copy of the foregoing Motion by Moe's Franchisor LLC for Appointment of a Trustee Pursuant to Section 1104(a) of the Bankruptcy Code was served on all parties listed below by first-class mail, unless said party is a registered CM/ECF participant and the Notice of Electronic Filing indicates that notice was electronically mailed to said party.

Will B. Geer
Law Office of Will B. Geer, LLC
Suite 225
333 Sandy Springs Circle, NE
Atlanta, GA  30328

Taylor Investment Partners II, LLC
4605 Ponte Vedra Dr., SE
Marietta, GA 30067

TIP II-Suburban, LLC
4605 Ponte Vedra Drive, SE
Marietta, GA  30067

Lindsay N. P. Swift
Office of the US Trustee
Suite 362
75 Spring Street, SW
Atlanta, GA  30303

Nathan A. Wood
McGuireWoods
Promenade
1230 Peachtree Street, N.E.
Suite 2100
Atlanta, GA 30309-3534

TIP II-Ansley, LLC
4605 Ponte Vedra Drive, SE
Marietta, GA  30067

Focus Brands Inc.
200 Glenridge Point Parkway
Suite 200
Atlanta, GA 30342-1450

Internal Revenue Service
CIO
P.O. Box 7346
Philadelphia, PA  19101-7346

Chamberlain Hrdlicka
191 Peachtree Street, N.E.
Thirty-Fourth Floor
Atlanta, GA 30344

Georgia Department of Revenue
Compliance Division
ARCS Bankruptcy
1800 Centure Boulevard, N.E.
Suite 9100
Atlanta, GA 30345-3202

Magoon Freeman Spain & Jones
3600 Mansell Road
Suite 575
Alpharetta, GA 30022

Cohen Pollack Merlin & Small
3350 Riverwood Parkway
Suite 1600
Atlanta, GA 30339-3359

Ichter Thomas LLC
3340 Piedmont Road, N.E.
Suite 1530
Atlanta, GA 30326

Regions Bank
Corporation Service Company
40 Technology Parkway
Suite 300
Norcross, GA 30092-2924

Sam Arden
Hartman, Simons & Wood LLP
6400 Powers Ferry Road, NW, Suite 400
Atlanta, GA 30339

Airgas National Carbonation
3101 Stafford Drive
Charlotte, NC 28208-3572

- 10 -

EAST\102373647.1

Coca-Cola Refreshments
P.O. Box 403390
Atlanta, GA 30384-3390

Chase Bank
P.O. Box 15153
Wilmington, DE 19886-5153

Cintas Corporation
5180 Panola Industrial Rd.
Decatur, GA 30035-4062

Scana Energy
3344 Peachtree Road, NE
Suite 2150
Atlanta, GA 30326-4808

Phoenix Wholesale Food Service
16 Forest Parkway
Forest Park, GA 30297-2015

Liquid Environmental Solutions
PARACORP, Inc.
368 W. Pike St., Suite 104
Lawrenceville, GA 30046-3240

Merchants Food Service
c/o Joseph Tullos
P.O. Box 18109
Hattiesburg, MS 39404

Robert J. Wilkinson
Law Office of W. Thomas Bible, Jr.
6918 Shallowford Road, Suite 100
Chattanooga, TN 37421-1781

Christopher S. Morocco
3007 Arden Road, NW
Atlanta, GA 30305

By: */s/ Mark J. Friedman*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br>TAYLOR INVESTMENT<br>PARTNERS II, LLC, et al.<br><br>Debtors. | CHAPTER 11<br>Jointly Administered<br>CASE NO.: 15-51333-MHM |

### ORDER GRANTING MOTION BY MOE'S FRANCHISOR LLC FOR APPOINTMENT OF A TRUSTEE PURSUANT TO SECTION 1104(a) OF THE BANKRUPTCY CODE

Upon consideration of the Motion by Moe's Franchisor LLC for Appointment of a Trustee Pursuant to Section 1104(a) of the Bankruptcy Code (the "Motion"), proper notice having been served, for good cause shown therefore and upon consideration of any opposition or responsive pleading filed in response thereto, IT IS HEREBY ORDERED:

1. The Motion is GRANTED.

2. The Office of the United States Trustee is directed, within three business days, to propose an individual to serve as Trustee under Chapter 11 of the Bankruptcy Code pursuant to Section 1104 of the Bankruptcy Code.

The Clerk is directed to serve a copy of this Order upon Debtors, Debtors' attorney, the Movant, the U.S. Trustee and all of the other parties on the service matrix.

IT IS SO ORDERED, this the ___ day of _____, 2015.

_____
MARGARET H. MURPHY
UNITED STATES BANKRUPTCY JUDGE

EAST\102373647.1