# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 11 |
| ) | |
| Taylor Investment Partners II, LLC, TIP ) | |
| II-Ansley, LLC, TIP II-Suburban, LLC ) | CASE NO. 15-51333-MHM |
| ) | Jointly Administered |
| Debtors. ) | |

### DEBTORS' MOTION TO DISMISS CASE PURSUANT TO 11 U.S.C. §1112(b)(1)

COMES NOW Taylor Investment Partners II, LLC, TIP II-Ansley, LLC, and TIP II-Suburban, LLC (the "Debtors"), by and through their undersigned counsel, hereby move this Court for an order, pursuant to §1112(b)(1) of the Bankruptcy Code and Bankruptcy Rule 1017(a), dismissing this case (the "Motion"). In support of the Motion, Debtors show the Court as follows:

1.

On January 22, 2015 (the "Petition Date"), Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.

Debtors continues in possession of their properties and in the operation and management of their businesses as debtors-in-possession pursuant to §§ 1107 and 1108 of

the Bankruptcy Code.

3.

Pursuant to Federal Rule of Bankruptcy Procedure 1007, Debtors included in their Chapter 11 petition (the "Petition") a list of its creditors, containing the name and address of each as then known, as well as a list of the creditors holding the 20 largest unsecured claims, excluding insiders, containing the name and address of each as then known.

4.

Debtors are engaged in the business of operating two Moe's Southwest Grill franchises.

5.

Moe's Franchisor, LLC ("Moes" or the "Franchisor") filed its Motion for Relief from the Automatic Stay seeking authority to exercise their state law rights as to the franchises. After notice and a hearing, this Court granted Moe's relief from the stay. The effect of the Court's holding is that Debtors cannot assume the franchise agreements without Moe's consent and, therefore, cannot propose a viable plan of reorganization.

6.

Moe's and Debtors have been working toward mutual resolution, but as of the filing of this Motion, a resolution has not been reached.  Regardless, this is a classic two-party dispute, and without the consent of Moe's, no viable plan of reorganization can be

proposed. It should be noted that Moe's is not a creditor in this case, and except for one disputed claim for past-due legal fees and various trade creditors that arose as a result of the timing of the filing of the petition, Debtors have very few creditors in amount or number, and if this case were dismissed, Debtors could pay its smaller creditors in full or pursuant to the underlying loan documents with those creditors and resolve the disputed claim in state court.

7.

Bankruptcy Code § 1112(b)(1) provides that the Court shall dismiss a case under Chapter 11 if the movant establishes cause. The various circumstances that can establish cause for dismissal, enumerated in §1112(b)(4), include the absence of a reasonable likelihood of rehabilitation. 11 U.S.C. §1112(b); *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984); *In re Blunt*, 236 B.R. 861, 864 (Bankr. M.D. Fla. 1999). Section 1112(b) states, in pertinent part:

> (b)  . . .on request of any party in interest or the United States trustee or bankruptcy administrator, and after notice and a hearing, the court may... dismiss a case under this chapter... for cause...

11 U.S.C. §1112(b). A determination of cause is made by the court on a case-by-case basis. See *Albany Partners*, 749 F.2d at 674. In addition, a bankruptcy court is not required to explain its reasons for dismissal in detail because such decisions are particularly

delegated to the bankruptcy court's sound discretion. *See In re Camden Ordinance Mfg. Co. of Arkansas. Inc.*, 1999 WL 587790, at *2 (Bankr. E.D. Pa. 1999). Therefore, it is clear that the Court is authorized to dismiss Debtors' Chapter 11 case a upon a showing of cause.

8.

The legislative history of § 1112(b) indicates that the court has wide discretion to use its equitable powers to dispose of a debtor's case. H.R. Rep. No. 595, 95th Cong., 1st Sess. 405 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 117 (1978), reprinted in 1978 U.S.C.C.A.N. 57878; *see also In re Preferred Door Co.*, 990 F.2d 547, 549 (10th Cir. 1993) (a court has broad discretion to dismiss a bankruptcy case); *In re Sullivan Cent. Plaza I, Ltd.*, 935 F.2d 723, 728 (5th Cir. 1991) (determination of whether cause exists under Section 1112(b) rests in the sound discretion of the bankruptcy court); *In re Koerner*, 800 F.2d 1358, 1367 & n. 7 (5th Cir. 1986) (bankruptcy court is afforded wide discretion under Section 1112(b)); *Albany Partners*, 749 F.2d at 674. For reasons more fully explained below, the Court should use its grant of broad authority to dismiss Debtors' Chapter 11 case.

9.

This case is essentially a two-party dispute between Debtors and Moe's. Without agreement of the Franchisor, Debtors are not able to confirm a reorganization plan. Moe's has filed a Motion to Appoint a Chapter 11 Trustee in an attempt to force Debtors into a

fire-sale of their businesses and to prevent them from exercising any state law rights they may have to defend against an unlawful termination of the franchise agreements. Moe's has consistently argued that this bankruptcy is a two-party dispute between a franchisor and franchisee, and Moe's is inappropriately attempting to appoint a Chapter 11 trustee in cases in which the businesses are profitable and no mismanagement has occurred.

10.

Debtors are current on its U.S. Trustee Fees. If it is determined that Debtors are not current, Debtors will pay the appropriate funds to the U.S. Trustee to have their cases dismissed pursuant to this Motion.

11.

Bankruptcy Rule 1017(a), through Rule 2002(a)(4), requires 21 days notice of a hearing on dismissal of the case. Debtors will provide notice of the Motion and hearing set by this Court by regular mail to all creditors and parties in interest in this case. Debtors submit that such notice is adequate and appropriate under the circumstances.

WHEREFORE, Debtors pray that this Court enter an order granting the Motion to Dismiss, and granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 1st day of September, 2015

_____/s/_____
Will B. Geer
GA Bar #940493
Attorney for Debtors

Law Office of Will B. Geer
333 Sandy Springs Circle, NE
Suite 225
Atlanta, GA 30328
Phone: 678-587-8740
Fax: 404-287-2767
willgeer@willgeerlaw.com