UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br>TAYLOR INVESTMENT<br>PARTNERS II, LLC, et al.<br><br>Debtors. | CHAPTER 11<br><br>CASE NO.: 15-51333-MHM<br>Jointly Administered |

**OPPOSITION OF MOE'S FRANCHISOR LLC
TO DEBTORS' MOTION TO DISMISS BANKRUPTCY CASES AND
IN SUPPORT OF MOTION FOR APPOINTMENT OF A TRUSTEE**

Moe's Franchisor LLC ("Moe's") opposes the dismissal of these bankruptcy cases sought by Debtors (Dkt. No. 119) and reaffirms that the appointment of a trustee is warranted (Dkt. No. 111).

Confirmed by the testimony of Mark Monroe at the initial hearing on Moe's trustee appointment motion on September 8, 2015, an offer of $1.2 million has been made to the Debtors for their two Moe's restaurants. That offer is 20% more than the $1 million value which the Debtors themselves placed on the franchises in the Schedule B filed by Taylor Investment Partners II, LLC (Dkt. No. 39).

At the hearing and in the dismissal motion, the Debtors complain that Moe's is seeking to enforce a "fire sale" of the franchises. If an offer of 20% more than the market value placed by the Debtors themselves in their Schedules, signed under oath, signifies a "fire sale", then it is Debtors that should be called to explain the valuation, provided under oath and upon which this Court and all creditors are expected to rely.

EAST\107845391.1

The Debtors jumped into bankruptcy to avoid a termination of the Decatur franchise. Moe's was willing to permit a sale, but the Debtors have refused. The Debtors should not now be permitted to jump out of bankruptcy just because the Debtors now find convenience in avoiding oversight.

There are two developments about which Moe's advises this Court in conjunction with its further consideration of the trustee appointment motion and the dismissal motion.

First, while the Debtors disclosed the existence of the so-called "Massey Litigation", in which Debtors and other current and/or former Moe's franchisees sought damages against Moe's predecessor, and its affiliates and officers (Moe's as successor to the Moe's Southwest Grill brand was not a defendant), the Debtors never disclosed, at any time, the existence of any claims asserted against Debtors in that litigation or any risk that the defendants in that litigation were creditors of the Debtors.

However, on September 30, 2015, pursuant to a motion pending against Debtors since February 17, 2015 (Exhibit 1), judgment was entered against Debtors in the amount of $116,411.29 (Exhibit 2).

At the hearing on the trustee appointment motion on September 8, 2015 certainly Debtors (although perhaps not Debtors' counsel) were aware of the contingent liability and claims being pursued against them by the "Massey" defendants. Rather than so disclose to this Court, representations were made that the Debtors had essentially addressed all of the claims that existed against them. Pursuant to the Judgment, Debtors have joint and several liability in the amount of $116,411.29. Such liability is a material and significant sum in respect of the Debtors' assets, especially given their modest cash resources.

Debtors should be required to answer whether, in anticipation of such a judgment being entered against them, their desire to "jump out" of bankruptcy now, at least in part, is an effort to frustrate those judgment creditors.

Another development is that Moe's itself on October 1, 2015 filed a Complaint against the Debtors, in the United States District Court for the Northern District of Georgia for declaratory and equitable relief, to enjoin the Debtors from continuing to operate as a Moe's franchisee when their franchise rights have terminated. A copy of that Complaint (without exhibits) is attached as Exhibit 3. Given the Debtors' recalcitrance to sell, despite Moe's willingness to permit opportunity after opportunity, Moe's now seeks to shut the Debtors down.

The preservation of value for the Debtors and their creditors, including the recent judgment creditors, can only occur with a trustee appointment. Debtors have shown that only a trustee can meet the obligations that the Debtors have promised to assume, but have failed to perform, in the voluntary filing of their bankruptcy cases.

**DLA PIPER LLP (US)**

/s/ Mark J. Friedman
Mark J. Friedman, Admitted *Pro Hac Vice*
(Maryland Bar No. 00102)
DLA Piper LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, MD  21209-3600
Telephone:  (410) 580-4153
Facsimile:  (410) 580-3001
E-Mail:  mark.friedman@dlapiper.com

Benjamin Prevost, GA Bar # 141594
DLA Piper LLP (US)
1201 West Peachtree Street
Suite 2800
Atlanta, GA 30309-3450

EAST\107845391.1

Telephone: 404-736-7800
Facsimile: 404-682-7800
E-Mail: ben.prevost@dlapiper.com

*Counsel for Moe's Franchisor LLC*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of October, 2015, a copy of the foregoing Opposition of Moe's Franchisor LLC to Debtors' Motion to Dismiss Bankruptcy Cases and in Support of Motion for Appointment of a Trustee was served on all parties listed below by first-class mail, unless said party is a registered CM/ECF participant and the Notice of Electronic Filing indicates that notice was electronically mailed to said party.

Will B. Geer
Law Office of Will B. Geer, LLC
Suite 225
333 Sandy Springs Circle, NE
Atlanta, GA  30328

Taylor Investment Partners II, LLC
4605 Ponte Vedra Dr., SE
Marietta, GA 30067

TIP II-Suburban, LLC
4605 Ponte Vedra Drive, SE
Marietta, GA  30067

Lindsay N. P. Swift
Office of the US Trustee
Suite 362
75 Spring Street, SW
Atlanta, GA  30303

Nathan A. Wood
McGuireWoods
Promenade
1230 Peachtree Street, N.E.
Suite 2100
Atlanta, GA 30309-3534

TIP II-Ansley, LLC
4605 Ponte Vedra Drive, SE
Marietta, GA  30067

Focus Brands Inc.
200 Glenridge Point Parkway
Suite 200
Atlanta, GA 30342-1450

EAST\107845391.1

Internal Revenue Service
CIO
P.O. Box 7346
Philadelphia, PA  19101-7346

Chamberlain Hrdlicka
191 Peachtree Street, N.E.
Thirty-Fourth Floor
Atlanta, GA 30344

Georgia Department of Revenue
Compliance Division
ARCS Bankruptcy
1800 Centure Boulevard, N.E.
Suite 9100
Atlanta, GA 30345-3202

Magoon Freeman Spain & Jones
3600 Mansell Road
Suite 575
Alpharetta, GA 30022

Cohen Pollack Merlin & Small
3350 Riverwood Parkway
Suite 1600
Atlanta, GA 30339-3359

Ichter Thomas LLC
3340 Piedmont Road, N.E.
Suite 1530
Atlanta, GA 30326

Regions Bank
Corporation Service Company
40 Technology Parkway
Suite 300
Norcross, GA 30092-2924

Sam Arden
Hartman, Simons & Wood LLP
6400 Powers Ferry Road, NW, Suite 400
Atlanta, GA 30339

Airgas National Carbonation
3101 Stafford Drive
Charlotte, NC 28208-3572

Coca-Cola Refreshments
P.O. Box 403390
Atlanta, GA 30384-3390

Chase Bank
P.O. Box 15153
Wilmington, DE 19886-5153

Cintas Corporation
5180 Panola Industrial Rd.
Decatur, GA 30035-4062

Scana Energy
3344 Peachtree Road, NE
Suite 2150
Atlanta, GA 30326-4808

Phoenix Wholesale Food Service
16 Forest Parkway
Forest Park, GA 30297-2015

Liquid Environmental Solutions
PARACORP, Inc.
368 W. Pike St., Suite 104
Lawrenceville, GA 30046-3240

Merchants Food Service
c/o Joseph Tullos
P.O. Box 18109
Hattiesburg, MS 39404

Robert J. Wilkinson
Law Office of W. Thomas Bible, Jr.
6918 Shallowford Road, Suite 100
Chattanooga, TN 37421-1781

Christopher S. Morocco
3007 Arden Road, NW
Atlanta, GA 30305

By: /s/ Mark J. Friedman

EAST\107845391.1